UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN B. MARTIN, :
        Petitioner :
   vs. :
 : CIVIL NO. 1:CV-15-0531
DISTRICT ATTORNEY CURCILLO, *et* :
*al.*, : (Judge Caldwell)
 :
        Respondents :

*M E M O R A N D U M*

I.   *Introduction*

On January 14, 2015, John B. Martin, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his 2002 conviction in the Court of Common Pleas of Dauphin County, Pennsylvania, after a plea of guilty to criminal solicitation.

On preliminary review, we have decided that the petition may be untimely and will require Petitioner to address that issue. *See Day v. McDonough*, 547 U.S. 198, 209-10, 126 S.Ct. 1675, 1683-84, 164 L.Ed.2d 376 (2006)(district courts have the authority to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition); *United States v. Bendolph*, 409 F.3d 155, 166-67 (3d Cir. 2005)(en banc)(district court may raise the one-year statute of limitations on its own motion, provided the petitioner is afforded notice and an opportunity to respond).

II.     *Background*

On February 6, 2002, Martin plead guilty to criminal solicitation. (Doc. 1, Pet.) He was sentenced the same day to a term of two and one-half to five years of incarceration to be followed by nineteen years of probation.[1] According to Martin, he did not file a direct appeal. He did, however, file a petition for collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Con. Stat. Ann. §§ 9541-9546, on August 29, 2002. (Doc. 1, ECF p. 7). He was appointed counsel but counsel sought to withdraw. *Commonwealth v. Martin*, CP-22-CR-2129-2001 (Dauphin Cnty. Ct. Com. Pl.)(docket sheet). The trial court denied counsel's motion and scheduled a hearing on the petition. The hearing was continued several times and finally scheduled for January 9, 2004. (*Id.*) On December 17, 2003, Martin's counsel filed a motion to discontinue the PCRA proceedings and to withdraw as counsel. (*Id.*) On December 24, 2003, the trial court granted both motions. (*Id.*)

On June 26, 2014, Martin filed a second PCRA petition. (Doc. 1, ECF p. 7). On August 11, 2014, the trial court allowed counsel to withdraw, notified Martin of its intent to dismiss the petition as untimely, and gave him the opportunity to respond to the order. *Commonwealth v. Martin*, CP-22-CR-2129-2001 (Dauphin Cnty. Ct. Com. Pl.)(docket sheet). On September 4, 2014, the trial court dismissed the second PCRA petition as untimely. (*Id.*) Martin filed his federal habeas petition on January 14, 2015.

---

[1] The court takes judicial notice of the trial court's docket sheet, *Commonwealth v. Martin*, CP-22-CR-0002129-2001 which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

-2-

III.  *Discussion*

    A.  *Relevant Law*

A person confined under a state-court judgment has one year to file a 2254 petition challenging the judgment.  *See* 28 U.S.C. §2244(d)(1).  As relevant here, the limitations period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id*.  This language applies to the right to seek certiorari review in the United States Supreme Court and means that the judgment does not become final until the ninety-day period for seeking such review expires, even if review is not sought.  *Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999).

The one-year federal limitations period is subject to both statutory and equitable tolling.  Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(2).  A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."  *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)").  An untimely petition for allowance of appeal, filed *nunc pro tunc,* with the Pennsylvania Supreme Court is not "properly filed."  *See Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004).

The limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). The determination is made on a case-by-case basis. *Ross v. Varano,* 712 F.3d 784, 799 (3d Cir.2013). Equitable tolling can occur in several circumstances. *See Jenkins,* 705 F.3d at 88–91; *Urcinoli v. Cathel,* 546 F.3d 269, 273 (3d Cir.2008); *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

There is also an equitable exception to the statute of limitations established in *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). In *McQuiggin,* the Supreme Court held that a convincing claim of actual innocence overcomes the bar of the statute of limitations. *Id.* at ___, 133 S.Ct. at 1928. On an actual innocence claim, "a petitioner must demonstrate two things. . . . First, a petitioner must present new, reliable evidence that was not presented at trial. *Schlup [v. Delo* ], 513 U.S. [298,] 324, 115 S.Ct. [851,] 865, [130 L.Ed.2d 808 (1995]. Second, a petitioner must show by a preponderance of the evidence, "'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' *Id.* at 327, 115 S.Ct. at 867." *Houck v. Stickman,* 625 F.3d 88, 93 (3d Cir.2010). The court examines not just the new evidence but the old evidence as well. *House v. Bell,* 547 U.S. 518, 538, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006). "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *Sweger v. Chesney,* 294 F.3d 506, 523 (3d Cir.2002 ).

      *B.*    *Calculation of Martin's Limitations Period*

Martin's judgment of conviction became final on March 8, 2002, the expiration of the thirty-day period for filing a direct appeal with the Superior Court of Pennsylvania. The one-year statute of limitations began running on that date. It was statutorily tolled on August 28, 2002, when Martin filed his first PCRA petition. At that point, 192 days remained in the limitations period. The limitations period commenced running again on December 24, 2003, when the trial court granted the motion to discontinue his PCRA petition. Accordingly, Martin had until July 6, 2004, to file his federal habeas petition. However, he did not file his 2254 petition until January 14, 2015, more than ten years after the limitations period expired.[2] The petition thus appears to be untimely.

V.    *Conclusion*

It appears that the petition must be dismissed as untimely. However, we must give Martin an opportunity to oppose our invocation of the statute of limitations. *See Day, supra; Bendolph, supra.* He may be able to establish that our statutory-tolling analysis is incorrect, or that equitable tolling or the equitable exception applies, and thus that his petition is timely after all. We will issue an appropriate order.

                                              <u>/s/ William W. Caldwell</u>
                                              William W. Caldwell
                                              United States District Judge

Date:   April 27, 2015

---

[2] The petition was docketed on February 6, 2015, but Petitioner affirms he placed it in the prison mail system on January 14, 2015, so under the prison mailbox rule, we consider January 14, 2015, the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).